IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ESSAM HAMIDO, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:16-cv-02733 |
| | ) | |
| TENNESSEE STATE UNIVERSITY | ) | JUDGE CAMPBELL |
| and WILLIAM JOHNSON, | ) | MAGISTRATE JUDGE NEWBERN |
| | ) | |
|    Defendants. | ) | |

**MEMORANDUM**

I. Introduction

Pending before the Court are Defendant Tennessee State University's Motion for Partial Dismissal Of The First Amended Complaint (Doc. No. 40); Plaintiff's Response In Opposition (Doc. No. 53); and Defendant's Reply (Doc. No. 59). For the reasons set forth herein, the Motion For Partial Dismissal (Doc. No. 40) is **GRANTED** in part, and **DENIED** in part. Accordingly, Plaintiff's Section 1983 claim, his claims for religious and disability discrimination under Title VII, and his request for punitive damages and a written apology are **DISMISSED**.

II. Factual and Procedural Background

Plaintiff Essam Hamido brought this action under Title VII and 42 U.S.C. § 1983 against his employer, Tennessee State University ("TSU"), and the Interim Assistant Dean at TSU, William Johnson. (Doc. No. 38). Plaintiff alleges that he is an Associate Professor in the Department of Human Performance and Sports Science at TSU, and that when Defendant Johnson served as head of that department, Defendant Johnson discriminated against him on the basis of race, color, and national origin. (*Id.*) Plaintiff alleges that Defendant Johnson continued to discriminate against him

even after Defendant Johnson was promoted to Interim Assistant Dean. (*Id*.) Plaintiff further alleges that Defendant TSU was aware of the alleged discrimination, and permitted it to continue. (*Id*.) Plaintiff seeks compensatory and punitive damages, as well as certain injunctive relief. (*Id*.)

III. <u>Analysis</u>

A. <u>The Standards Governing Motions To Dismiss</u>

In considering a motion to dismiss, a court must determine whether the plaintiff has sufficiently alleged "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Well-pleaded factual allegations are accepted as true and are construed in the light most favorable to the nonmoving party. 129 U.S. at 1950: *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017).

Defendant TSU seeks dismissal on the following grounds: (1) Defendant is immune from suit under Section 1983; (2) Plaintiff's Section 1983 claim should be dismissed because Title VII provides the exclusive remedy for employment discrimination; (3) Plaintiff's request for promotion to full professor should be dismissed because Plaintiff has failed to exhaust that claim; (4) Plaintiff's claims based on religious and disability discrimination should be dismissed for failure to state a claim; (5) Plaintiff's request for punitive damages should be dismissed as prohibited by law; and (6) Plaintiff's request for a written apology fails to state a claim.

B. <u>Section 1983 Claim</u>

Defendant TSU argues that Plaintiff's claims under Section 1983 should be dismissed because it is immune from suit under the Eleventh Amendment. Eleventh Amendment

jurisprudence holds that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 552 (1974). The Sixth Circuit has held that publicly-funded universities are state entities and are immune from suit under the Eleventh Amendment. *Hall v. Medical College of Ohio at* Toledo, 742 F.2d 299, 307 (6th Cir. 1984); *McKenna v. Bowling Green State* University, 568 F. App'x 459, 457 (6th Cir. 2014); *Underfer v. University of Toledo*, 36 F. App'x 831, 834 (6th Cir. 2002). Plaintiff does not dispute that Defendant TSU as a state university is a state entity, and the First Amended Complaint alleges as much. *See* Tenn. Code Ann. § 49-8-101(a)(2)(A) (establishing TSU as part of the state university and community college system); *Boyd v. Tennessee State University*, 848 F.Supp. 111, 113-14 (M.D. Tenn. 1994).

Plaintiff contends, however, that because he is seeking prospective relief for ongoing or future violations, his claim satisfies the *Ex parte* Young, 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714 (1908) exception to Eleventh Amendment immunity. The First Amended Complaint seeks injunctive relief against Defendant TSU. In that regard, Plaintiff alleges that "Defendant TSU is subject to an injunction to restrain future injuries and for other permitted equitable relief." (Doc. No. 38, at 7). More specifically, Plaintiff requests that TSU be ordered to "promote Plaintiff to full professor and not to unlawfully discriminate against him in the future or retaliate against him," and "to write an apology to Plaintiff and direct Defendant TSU to cause the same to be distributed and published . . . to all current TSU students, faculty, staff and administrators." (Id., at 8).

Courts have recognized three exceptions to Eleventh Amendment immunity: (1) when the state has consented to suit; (2) when Congress has abrogated the state's immunity; and (3) when *Ex parte Young*, *supra,* applies. *S&M Brands, Inc. v. Cooper,* 527 F.3d 500, 507 (6th Cir. 2008). Under *Ex parte Young* and its progeny, the Eleventh Amendment does not bar a federal court from issuing

prospective injunctive and declaratory relief compelling a state official to comply with federal law, even if compliance may have an ancillary effect on the state treasury. *Edelman,* 415 U.S. at 667-68; *S&M Brands*, 527 F.3d at 507-08. The *Ex parte Young* exception applies only to state officials, however, and not to state entities. *McKenna*, 508 F. App'x, at 457. Therefore, Plaintiff's requests for injunctive relief against Defendant TSU do not satisfy the *Ex parte Young* exception. Plaintiff has not suggested that any other exception to Eleventh Amendment immunity applies here. Accordingly, the Court concludes that Plaintiff's Section 1983 claim against Defendant TSU is barred by the Eleventh Amendment.[1]

C. Title VII Exhaustion

As part of his prayer for relief for the alleged Title VII violations, Plaintiff requests that he be promoted to full professor. (Doc. No. 38, at 8). Defendant TSU argues that Plaintiff is barred from requesting this relief because he failed to include a claim for failure to promote in his charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff argues, on the other hand, that failure to promote was encompassed within the charge he filed with the EEOC.

A plaintiff generally must present a claim to the EEOC before bringing suit on that same claim under Title VII. *See, e.g., Younis v. Pinnacle Airlines, Inc*., 610 F.3d 359, 361-62 (6th Cir. 2010); *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). This exhaustion requirement puts the employer on notice of the charges against it, and affords the EEOC an opportunity to investigate and settle the dispute. *Id.* The charge of discrimination is considered sufficient if it is "'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Younis*, 610 F.3d at 361 (quoting 29 C.F.R. § 1601.12(b)). When "'facts

---

[1] Because the Court has dismissed the Plaintiff's Section 1983 based on the Eleventh Amendment, it is unnecessary to address the Defendant's argument that Title VII provides the exclusive remedy for employment discrimination.

related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.'" *Id.*, at 362 (quoting *Davis*, 157 F.3d at 463).

To support its failure-to-exhaust argument, Defendant TSU has filed Plaintiff's "Charge of Discrimination" naming Defendants TSU and Johnson. (Docket No. 41-1). Attached to the Charge is a two-page letter from Plaintiff's attorney to the EEOC describing Plaintiff's allegations against the Defendants. (Id.) As a general rule, the court is not to consider matters outside of the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See, e.g., Seaton v. TripAdvisor LLC,* 728 F.3d 592 (6th Cir. 2013); *J.P. Silverton Industries L.P. v. Sohm*, 243 F. Spp'x 82, 86-87 (6th Cir. 2007). Before considering such matters, Rule 12(d) provides that the court must first convert the motion to dismiss to one for summary judgment. The Sixth Circuit has held, however, that a court need not convert the motion under Rule 12(d) if it considers only "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Public records that may be considered include EEOC charges and related documents, including right-to-sue letters. *See, e.g., Kovac v. Superior Dairy, Inc.,* 930 F.Supp.2d 857, 862-63 (N.D. Ohio 2013). Thus, the Court may consider the Charge filed by Plaintiff with the EEOC in ruling on Defendant's motion to dismiss.

Although the Court may consider the Charge, however, the document filed by Defendant TSU appears to be incomplete. The letter attached to the Charge references a "series of letters to TSU officials, attached hereto," that "set forth facts and circumstances about discrimination that [the Plaintiff] has faced and endured." (Doc. No. 41-1, at 3). Those attachments to the Charge were

5

not made part of the record here. Without reviewing those attachments, the Court is unable to determine whether Plaintiff raised the failure-to-promote allegation and must rely on the allegations in the First Amended Complaint, drawing all inferences in Plaintiff's favor. Thus, Defendant TSU has failed to demonstrate that dismissal of Plaintiff's failure to promote claim based on exhaustion grounds is warranted on the record presented.

D. Other Title VII Allegations

Defendant TSU argues that Plaintiff's allegations in the First Amended Complaint relating to discrimination based on disability and religion should be dismissed because he has failed to state a claim supporting the allegations. Defendant also seeks dismissal of Plaintiff's request for punitive damages on the ground that such relief against a state entity is unavailable. In his Response, Plaintiff concedes that he is not pursuing a claims based on disability or religious discrimination, and is not seeking punitive damages against Defendant TSU. Accordingly, these claims are dismissed as to Defendant TSU.

Defendant TSU also contends that Plaintiff's request for a written apology is not the type of relief authorized by Title VII and should be dismissed. In *Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002), the Sixth Circuit held that a district court exceeded its equitable power when it ordered a defendant to apologize:

> While courts have 'broad and flexible equitable powers to fashion a remedy that will fully correct past wrongs,' *Smith v. Town of Clarkton*, 682 F.2d 1055, 1068 (4th Cir.1982), that authority is limited by the authority or purpose pursuant to which the equitable power is exercised. Thus, federal courts must 'exercise "the least possible power adequate to the end proposed.:' *Spallone v. United States*, 493 U.S. 265, 280, 110 S.Ct. 625, 107 L.Ed.2d 644 (1990) (quoting *Anderson v. Dunn*, 19 U.S. (6 Wheat.) 204, 231, 5 L.Ed. 242 (1821)). Here, the district court found that money alone could not remedy the damage caused by Ohman's 'reprehensible' conduct. The purpose of the forced apology was undoubtedly to make Woodruff whole in a sense not usually taken into account in the law. That sense is righting moral wrongs. The law, however, is not usually concerned with procuring apologies to make morally right a legal wrong done to the plaintiff. In the specific context of gender

> discrimination and retaliation, an apology will little serve the purposes of Title VII. The apology will not provide any remedy to Woodruff for which the damages imposed have not already accounted. *Neither the district court nor Woodruff cites to any authority, and we have found none, that would permit a court to order a defendant to speak in a manner that may well contravene the beliefs the defendant holds*. We conclude that the district court abused its discretion in ordering Ohman to issue an apology to Woodruff.

*Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002) (emphasis added). Based on the reasoning of *Woodruff*, the Court concludes that Plaintiff's request for an apology should be dismissed.

### IV. Conclusion

For the reasons set forth above, the Defendant's Motion For Partial Dismissal (Doc. No. 40) is granted in part, and denied in part.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE