IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ESSAM HAMIDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cv-02733 |
| ) | |
| TENNESSEE STATE UNIVERSITY ) | JUDGE CAMPBELL |
| and WILLIAM JOHNSON, ) | MAGISTRATE JUDGE NEWBERN |
| ) | |
| Defendants. ) | |

## MEMORANDUM

### I. Introduction

Pending before the Court are Defendant William Johnson's Motion To Dismiss The First Amended Complaint (Doc. No. 42); Plaintiff's Response In Opposition (Doc. Nos. 54, 63); and Defendant's Reply (Doc. No. 64). For the reasons set forth herein, the Motion To Dismiss (Doc. No. 42) is **GRANTED**, and Defendant Johnson is **DISMISSED** as a Defendant in this action.

### II. Factual and Procedural Background

Plaintiff Essam Hamido brought this action under Title VII and 42 U.S.C. § 1983 against his employer, Tennessee State University ("TSU"), and the Interim Assistant Dean at TSU, William Johnson. (Doc. No. 38). Plaintiff alleges that he is an Associate Professor in the Department of Human Performance and Sports Science at TSU, and that when Defendant Johnson served as head of that department, Defendant Johnson discriminated against him on the basis of race, color, and national origin. (*Id.*) Plaintiff alleges that Defendant Johnson continued to discriminate against him even after Defendant Johnson was promoted to Interim Assistant Dean. (*Id.*) Plaintiff further alleges that Defendant TSU was aware of the alleged discrimination,

and permitted it to continue. (*Id.*) Plaintiff seeks compensatory and punitive damages, as well as certain injunctive relief. (*Id.*)

III. Analysis

A. The Standards Governing Motions To Dismiss

In considering a motion to dismiss, a court must determine whether the plaintiff has sufficiently alleged "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Well-pleaded factual allegations are accepted as true and are construed in the light most favorable to the nonmoving party. 129 U.S. at 1950: *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017).

Defendant Johnson seeks dismissal on the following grounds: (1) Defendant is not personally liable under Title VII; (2) Plaintiff's Section 1983 claims are barred by the applicable statute of limitations; (3) Plaintiff has failed to allege a violation of the Constitution or federal statute, as required by Section 1983; and (4) Defendant is entitled to qualified immunity on Plaintiff's Section 1983 claims.

B. Title VII Claim

Defendant Johnson argues that Plaintiff's Title VII claim against him must be dismissed because he is not the Plaintiff's employer. Plaintiff argues that Defendant Johnson satisfies Title VII's definition of "employer" because that definition references "agents."

Under Title VII, a person aggrieved by discrimination on the basis of race, color, religion, sex, or national origin may bring a civil action against his or her "employer." 42 U.S.C. § 2000e-

5. "Employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees. . . and any agent of such a person." 42 U.S.C. § 2000e(b). In *Wathen v. General Electric Company*, 115 F.3d 400, 405 (6th Cir. 1997), the Sixth Circuit examined Title VII's statutory scheme, legislative history, and applicable case law, and held that an "individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *See also Roof v. Bel Brands USA, Inc.,* 641 F. App'x 492, 496 (6th Cir. 2016).

Plaintiff argues that the use of the term "agent" in the definition of "employer" indicates that a supervisor, such as Defendant Johnson, is subject to Title VII liability. This is the same argument that was specifically rejected in *Wathen,* however, where the court explained that the purpose of the "agent provision" in the definition of employer was to incorporate *respondeat superior* liability into the statute. 115 F.3d at 405-06. Plaintiff does not otherwise attempt to establish that Defendant Johnson satisfies the definition of "employer" under Title VII. Accordingly, Plaintiff's Title VII claim against Defendant Johnson is dismissed.

C. Section 1983 Claim

Defendant Johnson argues that Plaintiff's Section 1983 claim should be dismissed because Plaintiff has not alleged the violation of any federal constitutional or statutory right for which Section 1983 provides a remedy. In order to state a claim for relief under Section 1983, a plaintiff must show that: (1) he or she was deprived of a right secured by the Constitution or federal law; and (2) that the deprivation was committed by a person acting under color of state law. *See, e.g., Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999); *Toth v. City of Toledo*, 480 F. App'x 827, 831-32 (6th Cir. 2012).

The First Amended Complaint alleges that Defendant Johnson "acted under color of law and subjected Plaintiff to a deprivation of rights or privileges secured by law and is liable to Plaintiff for monetary damages and other damages as permitted by law." (Doc. No. 38, at ¶ 44). Plaintiff does not otherwise identify a provision of the Constitution or a particular federal statute, other than Title VII, which the Defendant is alleged to have violated and for which Section 1983 provides a cause of action. With regard to Title VII, the Sixth Circuit has specifically held that "Title VII provides the exclusive remedy when the only § 1983 cause of action is based on a violation of Title VII." *Day v. Wayne City Bd. Of Auditors*, 749 F.2d 1199, 1204 (6th Cir. 1984). *See also Siegner v. Township of Salem*, 654 F. App's 223, 233-34 (6th Cir. 2016). Therefore, Plaintiff cannot rely on Title VII to support his Section 1983 claim. As the Plaintiff has otherwise failed to allege the violation of a federal right for which Section 1983 provides a remedy, his Section 1983 claim against Defendant Johnson is dismissed.[1]

## IV. Conclusion

For the reasons set forth above, Defendant William Johnson's Motion To Dismiss The First Amended Complaint (Doc. No. 42) is granted.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Given this conclusion, it is unnecessary to address Defendant's arguments relating to the statute of limitations and qualified immunity.