# IN THE UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| ESSAM HAMIDO, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:16-cv-2733 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | |
| TENNESSEE STATE UNIVERSITY | ) | |
| and WILLIAM JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Pending before the Court is Defendant Tennessee State University's Motion for Summary Judgment (Doc. No. 73) and Defendant William Johnson's Motion for Summary Judgment (Doc. No. 76); Plaintiff Response in Opposition to Tennessee State University's Motion (Doc. No. 85); and Defendant Tennessee State University's Reply (Doc. No. 87). For the reasons set forth herein, Defendant Tennessee State University's Motion for Summary Judgment is **GRANTED** and the Court **STRIKES** Williams Johnson's Motion for Summary Judgment as moot because the Court already dismissed him from the case. (Doc. No. 76).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Essam Hamido, brought this action under Title VII and 42 U.S.C. § 1983 against his employer, Tennessee State University ("TSU"), and the Interim Assistant Dean at TSU, Dr. William Johnson ("Dr. Johnson"). (Doc. No. 38). Plaintiff, an Associate Professor in the Department of Human Performance and Sports Science at TSU, alleges that Dr. Johnson discriminated against him on the basis of race, color, and national origin. (*Id.*). Plaintiff alleges Dr. Johnson continued to discriminate against him even after Dr. Johnson was promoted from Department Head to Interim Assistant Dean. (*Id.*). Specifically, Plaintiff states he was not assigned

1

overloads or graduate classes in the academic semester, not assigned classes at the requested time of day, the classes he previously taught were reassigned to other professors, he was not assigned summer courses, and he was given a poor performance evaluation in the 2013-2014 academic year. (*Id.*). Plaintiff further alleges Defendant TSU was aware of the alleged discrimination and permitted it to continue. (*Id.*). Plaintiff seeks compensatory and punitive damages, as well as certain injunctive relief. (*Id.*).

TSU and Dr. Johnson filed Motions to Dismiss on August 22, 2017 (Doc. Nos. 40, 42), and Plaintiff replied. (Doc. Nos. 53, 54). The Court granted in part, and denied in part TSU's Motion to Dismiss and dismissed Dr. Johnson from this action. (Doc. Nos. 80, 82). The Court also dismissed Plaintiff's Section § 1983 claim, his claims for religious and disability discrimination under Title VII, and his request for punitive damages and a written apology. However, the Court found Plaintiff stated a claim under Rule 12(b)(6) for failure to promote under Title VII, based on Plaintiff's charge he filed with the Equal Employment Opportunity Commission ("EEOC"). (Doc. No. 79).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). Claims that a fact is, or is not, in genuine dispute must be supported by the record. Fed. R. Civ. P. 56(c)(1). However, a "mere 'scintilla of evidence' within the record that militates against the overwhelming weight of contradictory

corroboration does not create a genuine issue of fact." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). If a rational trier of fact could not find for the nonmoving party, summary judgment should be granted. *Slusher v. Shelbyville Hosp. Corp.*, 805 F.3d 211, 215 (6th Cir. 2015) (citing *Miller v. Sanilac Cty.*, 606 F.3d 240, 247 (6th Cir. 2010)).

### III. ANALYSIS

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a) (1); *Benefield v. Mstreet Entertainment, LLC*, 197 F. Supp. 3d 990, 1001 (M.D. Tenn. Jul. 1, 2016). To analyze claims under Title VII this court applies the burden-shifting approach from the *McDonnell Douglas* line of cases.[1] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Tennial v. United Parcel Service, Inc.*, 840 F. 3d 292, 303 (6th Cir. 2016); *E.E.O.C v. Memphis Goodwill Industries Inc.*, 675 F. Supp. 2d 846, 850-51 (W.D. Tenn. Dec. 22, 2009). "To establish a *prima facie* case of employment discrimination a plaintiff must demonstrate that: (1) he is member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position at issue; and (4) he was treated differently than similarly-situated non-protected employees." *Golden v. Metro. Gov't of Nashville and Davidson Cty.*, 263 F. Supp. 3d 684, 692 (M.D. Tenn. Jul. 1, 2017) (citing *Wright v. Murray Guard, Inc.* 455 F.3d 702,707 (6th Cir. 2006)). "Once the plaintiff establishes a *prima*

---

[1] The approach under *McDonnell* applies only when plaintiffs rely on circumstantial evidence to prove their claims. *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999). In order for a Court to find direct evidence of racial discrimination, there must be no inferences to conclude racial discrimination occurred. *See Tennial*, 840 F.3d at 301. This Court concludes, based on Plaintiff's Statement of Undisputed Facts, that Plaintiff relies on circumstantial evidence to establish racial discrimination. *Id*. at 302; (Doc. Nos. 86-2, 88).

*facie* case, the burden then shifts to the defendant to articulate a legitimate, non-discriminatory explanation for its actions." *Hawthorne v. University of Tennessee Health Science Center*, 203 F. Supp.3d 886, 892 (E.D. Tenn. Aug. 25, 2016) (citing *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 463 (6th Cir.2003). "If the employer does so, the burden shifts back to the plaintiff to demonstrate the employer's explanation is pretext." *McDonnell Douglas*, 411 U.S. at 802–04.

Defendant argues Plaintiff cannot establish a *prima facie* case for racial discrimination because Plaintiff suffered no adverse employment action and Defendant did not treat him differently than similarly-situated employees. (Doc. No. 74). An adverse employment action is defined as a

> materially adverse change in the terms and conditions of employment." *Hollins v. Atl. Co.*, 188 F.3d 652, 662 (6th Cir. 1999). Such a change usually includes "a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Id.* It "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* "Moreover, the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." *Sands v. Jackson State Cmty. Coll.*, 2006 WL 1174469, at *5 (W.D. Tenn. April 29, 2006) (quoting *Davis v. Town of Lake Park Florida,* 245 F.3d 1232, 1239 (11th Cir.2001)).

*Blackburn v. Shelby Cty.*, 770 F. Supp. 2d 896, 919 (W.D. Tenn. Feb. 18, 2011).

Plaintiff responds by stating that Defendant failed to promote him, which resulted in him not receiving a pay increase and title change and his classes were reassigned. (Doc. No.85 at 4). Plaintiff's discrimination claims are evaluated under the same *McDonnell Douglas* standard. *Russell v. Drabik*, 24 Fed. Appx. 408, 412 (6th Cir. 2001). To establish a failure to promote claim, Plaintiff must show, "1) he is a member of a protected class; (2) he applied for and was qualified for a promotion; (3) he was considered for and denied the promotion; and (4) other employees of similar qualifications who are not members of the protected class received promotions." *Gee v.*

*Liebert Corp.*, 58 Fed. Appx. 149, 154 (6th Cir. 2003) (citing *Allen v. Mich. Dep't of Corr.*, 165 F.3d 405, 410 (6th Cir. 1999).

Here, Plaintiff spends a large portion of his response and Statement of Undisputed Facts arguing about Dr. Johnson's alleged racism towards him, students, and teachers at TSU. Plaintiff argues Dr. Johnson treated him differently from white employees, and thus Dr. Johnson conveyed racism towards him that adversely impacted Plaintiff's academic reputation at TSU. Plaintiff alleges the appointment of Dr. Jason Smith, a white employee without tenure, to interim Department Chair, when Plaintiff had tenure, constitutes an example of racial discrimination. Plaintiff further argues that Dr. Johnson changed his teaching assignment schedule based on racial discrimination when Dr. Johnson assigned Plaintiff's class to a white teacher.[2] However, under the *McDonnell Douglas* standard, the alleged racist behaviors of Dr. Johnson may be relevant to establish "pretext" for an employer's explanation for adverse employment action. Before addressing pretext, the Court must first conclude that Plaintiff established a *prima facie* case for discrimination. *McDonnell Douglas*, 411 U.S. at 802–04. Plaintiff failed to do so.

To defeat summary judgment, Plaintiff must present proof by a preponderance of the evidence that he satisfies the elements under the *McDonnell Douglas* standard. *See White v. Baxter*, 533 F.3d 381, 398 (6th Cir. 2008). The undisputed facts establish that Plaintiff cannot meet his burden.[3] Plaintiff cannot establish a *prima facie* case of discrimination based on the reassigning of his classes to white, American teachers because mere reassignment of duties does not constitue an

---

[2] A plaintiff cannot rely on "mere personal belief, conjecture or speculation" to support an inference of discrimination. *Garcimonde-Fisher v. Area203 Marketing, LLC*, 105 F. Supp. 825, 842 (E.D. Tenn. Apr. 27, 2015) (quoting *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 247 (6th Cir. 1997)).

[3] Plaintiff disputes eight of Defendant's Statement of Material Facts. The Court finds these disputed facts as immaterial for the purpose of ruling on Defendant's motion. (Doc. No. 86-1).

adverse employment action. *Blackburn v. Shelby Cty.*, 770 F. Supp. 2d 896, 919 (W.D. Tenn. Feb. 18, 2011). Defendant argues Plaintiff's job responsibilities were not "significantly diminished" by the reassignment of a single class because Plaintiff's salary was not negatively affected. And while the undisputed facts show no faculty member is guaranteed assignment of a particular class (Doc. No. 86-1 ¶ 124), Plaintiff's class was reassigned because Plaintiff already had an overload of assignments. The record also shows Plaintiff is a tenured teacher, who at times was treated better than his colleagues in regards to class assignments during the regular school year and the summer; Plaintiff does not dispute these facts. (Doc. Nos. 74, 86-1).[4] Furthermore, Plaintiff puts forth no evidence that Defendant failed to promote him. Defendant contends that Plaintiff never applied for a permanent chair position after Dr. Johnson was transferred from the position, and Plaintiff has not applied and will not apply for any permanent chair position. (Doc. No. 87-1, Plaintiff depo.).

Viewing the undisputed facts in the light most favorable to Plaintiff, there is no basis upon which a jury could conclude Defendant failed to promote Plaintiff or racially discriminated against Plaintiff. Plaintiff's argument fails to establish a *prima facie* case under Title VII because Plaintiff did not suffer an adverse employment action and never applied for or was denied a promotion. That Plaintiff believes Dr. Johnson's racism towards him and other non-white peers caused certain changes in his teaching schedule and assignments is not enough to satisfy the elements under the *McDonnell* analysis without Plaintiff first having established a *prima facie* case under Title VII. Because there is no genuine issue of fact as to the existence of any adverse action taken against

---

[4] In their Motion and Statement of Undisputed Facts, Defendant argues extensively that not being assigned overloads or graduate classes in the academic semester, not being assigned classes at the requested time of day, classes being given to other professors, not being assigned summer courses, and being given a poor performance evaluation are not adverse employment actions. (Doc. Nos. 74 at 31-43, Doc. No. 86-1). Plaintiff does not dispute this in his Response, but instead argues Dr. William Johnson's alleged racism is the reason these acts were taken against him that eventually caused his denial of a promotion. (Doc. No. 85).

the Plaintiff under the *McDonnell Douglas* frame work for failure to promote or reassignment of classes, summary judgment is appropriate for Defendant.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE